**FILED**

Case:14-06011-EJC   Doc#:35   Filed:05/05/15   Entered:05/05/15 16: Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By jbergen at 4:19 pm, May 05, 2015*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | NUMBER <u>14-60106</u> |
| LYNN M. HENDRIX | ) | |
| | ) | |
|     Debtor | ) | |
| _____ | ) | |
| JAMES C. OVERSTREET JR., | ) | |
| CHAPTER 7 TRUSTEE | ) | ADVERSARY PROCEEDING |
| | ) | NUMBER <u>14-06011</u> |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES T. ROBERTS SR. | ) | |
| | ) | |
|     Defendant | ) | |

## OPINION AND ORDER GRANTING LEAVE TO AMEND COMPLAINT, PERMISSIVELY ABSTAINING IN PART, AND STAYING ALL FURTHER PROCEEDINGS

This matter came on for hearing on Defendant James T. Roberts Sr.'s Motion to Dismiss requesting my permissive abstention under 28 U.S.C. § 1334(c)(1); with Response by chapter 7 Trustee James C. Overstreet Jr., including a request taken as a motion for leave to amend the Complaint. (A.P. ECF No. 16, 31.)[1]

---

[1] References to the docket of the underlying chapter 7 case appear in the following format: (ECF. No. __.) References to the docket of this adversary proceeding appear in the following format: (A.P. ECF No. __.)

The Trustee's Motion is granted. Roberts's Motion is granted in part; I abstain from adjudicating the state law causes of action to the extent that the Trustee is allowed to intervene in the ongoing related state court proceeding, and this adversary proceeding is stayed until the completion of the state court proceeding.

### FINDINGS OF FACT

On November 9, 2009, Cole Hendrix executed a promissory note for $1.18 million in favor of Roberts ("Note"). (A.P. ECF No. 1, at 11-14.) That same day, Cole Hendrix and Lynn Hendrix, the Debtor in the underlying bankruptcy case here, executed a Deed to Secure Debt and a Hypothecation Agreement pledging Lynn Hendrix's home ("Residence") as security for the Note. (Id. at 15-22.)

Lynn Hendrix, Cole Hendrix, and six other relatives are each partners in a Georgia general partnership, Hendrix Farms.

At some time during 2012, Crop Production Services Inc. initiated a lawsuit against the eight general partners of Hendrix Farms, both individually and as partners, and against Roberts individually in the Superior Court of Bulloch County, Georgia ("Bulloch County Case"). (A.P. ECF No. 33.) The Bulloch

County Case involves a dispute over various debts owed by Hendrix Farms to Crop Production Services and the alleged guarantee by Roberts of those debts. Roberts has asserted various cross-claims in that proceeding related to disputes between him and individual partners of Hendrix Farms.

On November 2, 2012; August 1, 2013; and August 30, 2013, Roberts sent acceleration notices to Lynn Hendrix threatening to foreclose on the Residence. (A.P. ECF No. 1, at 24-34.) On October 1, 2013, Roberts foreclosed.

On March 11, 2014, Lynn Hendrix filed for chapter 7 bankruptcy relief. (ECF No. 1.) She received a chapter 7 discharge on August 18, 2014. (ECF No. 33.) As a result of the discharge, Crop Production Services, with the Superior Court's approval, amended its complaint to omit Lynn Hendrix as a party defendant in the Bulloch County Case.[2] (A.P. ECF No. 33.)

On December 19, 2014, the chapter 7 Trustee filed this adversary proceeding seeking to recover the Residence for the bankruptcy estate. (A.P. ECF No. 1.) The Trustee's Complaint included ten counts: (I) Set Aside the Foreclosure Sale; (II) Breach of Contract; (III) Trover; (IV) Conversion; (V) Slander of Title; (VI) Fraud; (VII) Fraudulent Conveyance

---

[2] At hearing on this Motion, Defendant's counsel blurred the lines between the interest and rights of Lynn Hendrix and the Trustee. The fact that Lynn Hendrix is no longer a party in the Bulloch County Case does not mean that the bankruptcy estate's interest, as asserted by the Trustee in this Complaint, has been resolved.

under 11 U.S.C. § 548; (VIII) Turnover of Property of the Estate; (IX) Attorney's Fees; and (X) Injunctive Relief. (Id.)

On December 22, 2014, I denied the Trustee's request for entry of a temporary restraining order under Count X. (A.P. ECF No. 6.)

On January 21, 2015, Roberts filed his Answer, which was later amended to include a request for a jury trial in the District Court. (A.P. ECF No. 18, 24.) That same day, Roberts also filed the Motion to Dismiss. (A.P. ECF No. 17.)

Roberts asserts that the crux of the Complaint is an action for wrongful foreclosure under state law that should be decided in state court. (Id. at 2.) Accordingly, he requests that I permissively abstain under 28 U.S.C. 1334(c)(1) and dismiss the adversary proceeding in its entirety. (Id. at 4.)

On March 30, 2015, the Trustee filed a response to the Motion to Dismiss. (A.P. ECF No. 31.) In addition to opposing the Motion, the Trustee requested leave to amend the Complaint to add a count for determination of the validity, priority, or extent of a lien. (Id.) I take the Trustee's request as a motion for leave to amend the Complaint.

AO 72A
(Rev. 8/82)

## CONCLUSIONS OF LAW

### I.

### The Factors Applicable Here Favor Permissive Abstention.

In deciding whether to permissively abstain under 28 U.S.C. § 1334(c)(1),[3] courts in this district consider the following factors: (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that

---

[3] Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

AO 72A

(Rev. 8/82)

commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. <u>Rayonier Wood Products, LLC v. ScanWare, Inc.</u>, 420 B.R. 915, 920 (S.D. Ga. 2009).

Applying these factors, I find that most weigh decisively in favor of abstention.

First, the state law issues predominate over the bankruptcy issues in this adversary proceeding (factor 2). Excluding the count for injunctive relief, seven of the nine counts in the Complaint are pled under state law. Moreover, the additional count requested by the Trustee—for determination of the validity, priority, or extent of a lien—would be decided, even by the bankruptcy court, based on state law. See <u>In re Haas</u>, 31 F.3d 1081, 1084 (11th Cir. 1994).

Further, severing the state law counts from the bankruptcy counts presents no difficulty (factor 8). See <u>In re ScanWare, Inc.</u>, 411 B.R. 889, 898-99 (abstaining on issues of state law while retaining jurisdiction over enforcement of claims under bankruptcy law). To the extent necessary, I will

AO 72A
(Rev. 8/82)

hear any remaining bankruptcy issues following the completion of the Bulloch County Case. See id.

Second, there is an ongoing related state court proceeding, the Bulloch County Case (factor 4). The issues presented in the Complaint are subsumed in those already being adjudicated in the Bulloch County Case. I am satisfied that if the Trustee is allowed to intervene in the Bulloch County Case, such case is the proper place for him to assert the estate's state law counts. The principle of comity with state courts also supports such a conclusion (factor 13).

Third, abstention would not adversely affect the efficient administration of the bankruptcy estate (factor 1). The Trustee's potential right to recover property alleged in the Complaint is the only asset in the bankruptcy case. The Debtor has already received her discharge. Thus, until the issues underlying the Complaint are resolved, there is nothing more to be done in the bankruptcy case. Further, Crop Production Services may have a claim in the bankruptcy case contingent on the outcome of the Bulloch County Case.[4]

---

[4] Lynn Hendrix listed Crop Production Services on Schedule F of her petition as holding an unsecured nonpriority claim based on the debt of Hendrix Farms. That claim is listed as contingent and disputed. Because no assets have been recovered in the case at this time, a deadline for the filing of proofs of claim has not yet been established. Allowing the Trustee to intervene in the Bulloch County Case will resolve the amount, if any, of Crop Production Services's claim in the bankruptcy case.

AO 72A

(Rev. 8/82)

If anything, abstention will assist in the efficient administration of the bankruptcy estate. See In re Old Augusta Dev. Grp., Inc., No. 10-41302, 2011 WL 2632147, at *1 (Bankr. S.D. Ga. May 16, 2011). The Bulloch County Case, although not implicating necessarily unsettled questions of Georgia law, involves complex and difficult factual and legal issues that are interconnected with the issues raised in the Complaint (factor 3). See id. The Bulloch County Case has been ongoing for three years; accounting experts have been engaged; extensive discovery has been conducted; and various hearings have been held before the state court. As a result, the state court is in a better position to efficiently manage and resolve the issues in the Complaint that are subsumed in the Bulloch County Case.

Fourth, if the Complaint were to continue in this court, the parties would have a right to a jury trial (factor 11). See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 52 (1986)(noting that "legal claims are not magically converted into equitable issues by their presentation to a court of equity"); see also In re Am. Energy, Inc., 50 B.R. 175, 181 (Bankr. D.N.D. 1985)("If a jury trial has been requested but the case, although 'related', is based on state law with no independent basis for federal jurisdiction, then the bankruptcy

8

court ought to abstain."). A jury trial can be held by a bankruptcy court only "if specially designated to exercise such jurisdiction by the district court and with the express consent of all parties." 28 U.S.C. § 157(e). There has been no such designation by the United States District Court for the Southern District of Georgia. See Letter from United States District Court Judge B. Avant Edenfield, dated September 18, 1995 (stating that all jury trials in bankruptcy-related cases must be held before the District Court).

All other factors only minimally influenced my analysis of whether permissive abstention is appropriate. There is no basis for federal jurisdiction outside of 28 U.S.C. § 1334 (factor 5). The complaint is significantly related to the main bankruptcy case (factor 6), but as previously discussed, abstention has no effect on the efficient administration of the bankruptcy case. The substance compared to the form of the asserted core proceeding is not an issue here (factor 7). There is no real effect on this Court's docket (factor 9). Nor is there any evidence of forum shopping (factor 10). Finally, there are only two parties involved in this proceeding, neither of which is prejudiced (factor 14), and the defendant is the only non-debtor party involved (factor 12).

AO 72A
(Rev. 8/82)

## II.

## Only Partial Abstention Is Warranted.

Typically, courts decide whether to abstain from an entire case. However, the eighth factor in the multi-factor test implicitly presupposes that partial abstention may be appropriate: the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court. Partial abstention permits a bankruptcy court to defer to the state court where appropriate, but retain the right to hear any lingering bankruptcy issues upon the completion of the state court proceeding. See Bricker v. Martin, 348 B.R. 28, 38 (W.D. Pa. 2006) aff'd, 265 F. App'x 141 (3d Cir. 2008); see also In re Republic Reader's Serv., Inc., 81 B.R. 422, 427 (Bankr. S.D. Tex. 1987)("I view partial abstention as appropriate to divisible state law claims which are pendant to matters best left for resolution with the bankruptcy court.").

I find partial abstention appropriate here. Count VII, Fraudulent Conveyance under 11 U.S.C. § 548, and Count VIII, Turnover of Property of the Estate under 11 U.S.C. § 550, are best left for my resolution following the completion of the

10

Bulloch County Case.[5] However, I abstain from adjudicating all other counts in the Complaint on the basis of the factors discussed above.

I further abstain from deciding the additional count for determination of the validity, priority, or extent of a lien. Although brought in the context of a bankruptcy proceeding, that determination is made under state law. See In re Haas, 31 F.3d at 1084 (state law applies when determining property rights created pursuant to state law). Therefore, based on the principle of comity and in the interest of efficiency, I find it would be best for the state court to resolve this issue as a part of its proceeding.

Additionally, I stay all action in this adversary proceeding until the completion of the Bulloch County Case. At that time, the Trustee may move to lift the stay if any bankruptcy issues remain unresolved.

### III.

### My Abstention is Conditioned on the Trustee Being Allowed to Intervene in the Bulloch County Case.

A related state court proceeding is not required to justify discretionary abstention. See In re Old Augusta, 2011

---

[5] To the extent that the Trustee elects to include a count under Georgia's Uniform Fraudulent Transfer Act, O.C.G.A. §§ 18-2-70 to 81, in his motion to intervene in the Bulloch County Case, my retention of the similar count brought under the Bankruptcy Code does not prevent the state court from resolving such a count as a state law issue.

WL 2632147, at *5 (abstaining in a chapter 11 case from an adversary proceeding involving only state law issues despite no pending related state court case). However, as previously discussed, the ongoing related proceedings in the Bulloch County Case significantly influenced my decision to partially abstain. If the Trustee is not allowed to intervene in the Bulloch County Case to assert the state law causes of action enumerated here, my analysis of the factors supporting abstention would change. Accordingly, my discretionary abstention in this proceeding is conditioned upon the Trustee being allowed to intervene in the Bulloch County Case. If the state court judge decides to not permit the Trustee to intervene based on his discretion or state law, I will vacate this order and allow the Trustee to proceed here.

**ORDER**

The Trustee's request to amend the Complaint to add a count for the determination of the validity, priority, or extent of a lien is **ORDERED GRANTED**. The Trustee shall file the amended Complaint within fourteen days of this order; and

**FURTHER ORDERED** that Defendant James T. Roberts Sr.'s Motion to Dismiss is **GRANTED IN PART** based on the circumstances in this case warranting partial abstention under 28 U.S.C. § 1334(c)(1). Accordingly, I will abstain from conducting further

AO 72A

(Rev. 8/82)

proceedings in this matter on Counts I-VI, IX, and the additional count in the Complaint as amended. However, if the Trustee is not allowed to intervene in the Bulloch County Case, I will vacate the abstention; and

**FURTHER ORDERED** that all other activity in this adversary proceeding is stayed, including Roberts's response to the now allowed amended Complaint, until completion of the Bulloch County Case. At that time, the Trustee may move to lift the stay to the extent that issues remain for adjudication in the bankruptcy court.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ⏋ day of May, 2015.